998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Otto M. STROCK, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
 No. 92-2357.
 United States Court of Appeals, Fourth Circuit.
 Argued May 3, 1993.
Decided July 12, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston; No. CA-90-3025-2, Robert S. Carr, Magistrate Judge.
 Andrew Steven Halio, Halio & Halio, Charleston, SC, for defendant-appellant.
 C. Steven Moskos, North Charleston, SC, for plaintiff-appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, HALLANAN, United States District Judge for the Southern District of West Virginia, sitting by designation, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Southern Farm Bureau Casualty Insurance Company, appeals from a jury verdict rendered in favor of Plaintiff-Appellee, Otto M. Strock. Defendant-Appellant requests a new trial arguing that the district court abused its discretion by admitting into evidence a computer animated videotape simulation which Defendant-Appellant contends was unduly prejudicial. We affirm.
 
 I.
 
 2
 In September of 1989, Dr. Otto M. Strock's beach house was severely damaged when Hurricane Hugo struck the South Carolina coast. Dr. Strock's insurance policy covered "direct physical loss" to his property caused by specific perils including wind but excluding water. After an investigation, the insurance company concluded that all but a small amount of Appellee's loss was caused by flood damage rather than wind damage. Therefore, Appellant determined that the majority of Dr. Strock's loss was not covered under the terms of the policy. Appellee contested this determination and argued that the damage sustained by his home was wind related.
 
 
 3
 The issue of what physical peril had actually damaged the beach house was argued before two different juries both of which were unable to reach a decision. The parties then consented, pursuant to 28 U.S.C. Section 636(c), to allow United States Magistrate Judge Carr to preside over the third jury trial for a final determination.
 
 
 4
 On June 29, 1992, fifty-one days before the third trial, Dr. Strock produced a computer animated videotape simulation[1] for use at trial and identified a computer expert who would testify in conjunction with it.[2] On August 18, 1992, the day before the third trial was to begin, Dr. Strock delivered a revised version of the videotape simulation to counsel for Appellant. Appellant then unsuccessfully attempted to have this evidence excluded through a motion in limine and a contemporaneous objection made at the time the videotape was offered. Subsequently, the evidence was allowed to be shown to the jury for demonstrative purposes.
 
 II.
 
 5
 Appellant urges us to establish a hard and fast rule concerning the admissibility of computer animated videotape simulations. Appellant argues that this court needs to establish a similar standard of admissibility for this rather novel use of computer technology as the court has done with other types of visual evidence.[3]
 
 
 6
 The court declines to create a rigid standard for the admissibility of computer animated videotape simulations at this time. Rather, this court chooses to rely on the sound discretion of trial judges who are in the best position to consider the relevancy of offered evidence and to weigh its probative value against its potential prejudicial effect. Reed v. Tiffin Motor Homes, Inc., 697 F.2d 1192, 1199 (4th Cir.1982).
 
 
 7
 Further, a trial judge's decision concerning the admissibility of evidence will not be reversed without a showing that the judge abused his or her discretion. Virginia Ry. Co. v. Armentrout, 166 F.2d 400 (4th Cir.1988); Ramseyer v. General Motors Corp., 417 F.2d 859 (8th Cir.1969). In the instant case, the Record is replete with examples of Judge Carr's careful consideration of all the arguments surrounding the admission of this videotape. Accordingly, this court's opinion is that Judge Carr did not abuse his discretion when he allowed the videotape to be admitted.
 
 
 8
 In view of the above, the judgment of the district court is affirmed.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Speaking in reference to the videotape, Appellant states that "Dr. Stock's computer expert took an engineering drawing and animated it: he put it in motion." Appellant Brief at 9
 
 
 [2]
 Appellant admits that he was provided a full and fair opportunity to cross examine this witness
 
 
 [3]
 Appellant suggests that this court's requirement that videotaped demonstrations purporting to recreate events be "substantially similar" to the actual events also be applied to computer simulations. Gladhill v. General Motors Corp., 743 F.2d 1049 (4th Cir.1984); Chase v. General Motors Corp., 856 F.2d 17 (4th Cir.1988)